IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TIGER LILY LLC, *et al.*,

    Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, *et al.*,

    Defendants.

Case No. 2:20-cv-2692-MSN-atc

## DEFENDANTS' RESPONSE TO NEIGHBORHOOD PRESERVATION INC.'S MOTION TO INTERVENE

A nonprofit group has moved to intervene as a Defendant on behalf of itself and a putative "class of individual tenants who are at risk of eviction." Mot. 1, ECF No. 25. It asserts that intervention as of right is warranted because, among other reasons, it will "offer a unique perspective" in the litigation; it alternatively seeks permissive intervention. *Id.* at 11–12.

Defendants take no position as to whether the Court should grant intervention either as of right or by permission. Nevertheless, Defendants submit that the organization and the putative class, as defined in the motion, appear to fall short of the Sixth Circuit's standards for intervention as of right, among other reasons because the government adequately represents their interests—as is presumed where, as here, the government and the proposed intervenors have the same ultimate objective. Moreover, proposed intervenors identify no particular member of the putative class, much less a class representative who satisfies the requirements of Federal Rule of Civil Procedure 23. And the breadth of the proposed class, defined to include any "tenants who are at risk for eviction," for any reason—regardless of whether they rent from Plaintiffs or have invoked the protections of the Centers for Disease Control and Prevention (CDC) Order at issue—appears to extend well beyond

the scope of this litigation. To the extent the organization believes it beneficial to present its experiences to the Court, however, the government would readily consent to a motion by proposed intervenors to participate in the litigation as amici.[1]

## RELEVANT BACKGROUND

This litigation concerns a CDC Order imposing a moratorium on residential evictions of "covered persons" through the end of 2020 to prevent the further spread of the respiratory disease COVID-19. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292, 55292 (Sept. 4, 2020); *see also* Defs.' Mem. in Opp. to Pls.' Mot. for Prelim. Inj. 6–9, ECF No. 29 (Defs.' Mem.). To qualify for protection under the Order as "covered persons," tenants must submit a declaration to their landlord under penalty of perjury affirming that they meet seven criteria, including that they are unable to pay full rent due to loss of income or extraordinary medical expenses, are using best efforts to make partial payments, and would experience homelessness or need to move into a shared residence if evicted. 85 Fed. Reg. at 55297. CDC issued the Order based on its findings that allowing evictions of covered persons to proceed unchecked during the global pandemic has the potential to lead to a wave of mass evictions, which could exacerbate the ongoing spread of COVID-19—a disease that already has infected over 8 million and claimed the lives

---

[1] At approximately 8:30 p.m. the day before this response was due, proposed intervenors filed what they style a "supplement" to their motion to intervene. *See generally* Supp., ECF No. 31. This filing was done without the Court's permission and is inconsistent with the briefing schedule issued by the Court. It is therefore procedurally improper, and the Court should not consider it in resolving the motion to intervene. *See, e.g.*, *Risher v. Lapin*, No. 08-2038, 2008 WL 11351614 (W.D. Tenn. Dec. 17, 2008) (refusing to consider supplement to motion filed without leave); *Pollack v. United States*, 327 F. Supp. 2d 907, 911 n.2 (W.D. Tenn. 2004) (same). Moreover, the information proposed intervenors assert necessitated their "supplement"—the CDC's FAQs regarding the Order—was published on October 9, 2020, before the filing of the original motion to intervene. Any argument concerning the FAQs thus could have—and should have—been raised in that pleading. Even if the Court were to take the "supplement" into account, however, that filing would not alter the analysis in this response.

of over 220,000 persons in the United States.² *Id.* at 55294–95; *see also* Defs.' Mem. 4–9; CDC COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/#cases_casesinlast7days (last visited Oct. 20, 2020).

Landlords and an organization representing landlords have challenged the Order on various grounds, both in this Court and in other federal district courts. *See Brown v. Azar*, No. 20-3702 (N.D. Ga.); *see also KBW Inv. Props. v. Azar*, No. 20-1852 (S.D. Ohio) (federal defendants dismissed by stipulation after TRO denied). In each of these cases, the government has vigorously opposed motions for preliminary injunctive relief, arguing that an injunction would be manifestly contrary to the public interest in combatting COVID-19, that Plaintiffs have failed to show any irreparable harm, and that Plaintiffs are unlikely to succeed on the merits. *See generally* Defs.' Mem.; Defs.' Mem. in Opp. to Pls.' Mot. for Prelim. Injunction, *Brown v. Azar*, No. 20-3702 (Oct. 2, 2020 N.D. Ga.), ECF No. 22, Exhibit A; *see also* Order, *KBW Inv. Props. LLC v. Azar*, No. 20-4852 (Sept. 25, 2020 S.D. Ohio), ECF No. 16, Exhibit B (order denying landlord's motion for temporary restraining order against the CDC Order).

The lead proposed intervenor here is "Neighborhood Preservation Inc. d/b/a the Eviction Settlement Program." Mot. 1. Neighborhood Preservation Inc. (NPI) states that it is a group organized to combat blight in Memphis and Shelby County, Tennessee. Mot. 3. NPI proposes to participate through its Eviction Settlement Program (ESP), which it describes as a program organized in partnership with Shelby County, a law school, and a legal aid organization to provide pro-bono legal assistance to tenants who have fallen behind on rent during the COVID-19 pandemic. *Id.* ESP, in turn, claims to represent a "putative class of individual tenants who are at risk of eviction," *id.* at 1,

---

² Defendants respectfully refer the Court to their opposition to Plaintiffs' motion for preliminary injunction for the complete background of the statutory and regulatory bases underlying the Order; the COVID-19 pandemic; and the Order's findings, contents, and operation. *See* Defs.' Mem. 3–15.

3

but it provides no specifics about the composition of the putative class, and it identifies neither any individual member of the putative class nor a sufficient class representative. Proposed intervenors argue that they are entitled to intervention as of right, or alternatively, should be granted permissive intervention. *See generally id.* They have also moved for leave to file an opposition to Plaintiffs' motion for preliminary injunction. *See generally* Mot. for Leave to Oppose Pls.' App. for Emergency Relief, ECF No. 26 (Mot. for Leave). In its proposed opposition, ESP "rel[ies] heavily on and incorporate[s] substantially . . . the points and arguments made by the United States in *Brown v. Azar*, No. 1:20-cv-3702-JPB, at 3–13 (N.D. Ga. Oct. 2, 2020)." Mot. for Leave 3 n.2, 13 n.6.

## DISCUSSION

### I. Intervention as of Right

Defendants take no position as to whether the Court should grant intervention as of right. Nevertheless, Defendants believe the organization and the putative class, as defined in the motion, fall short of the Sixth Circuit's standards for intervention as of right for several reasons, including that their interests appear to be adequately represented by the government. As such, Defendants submit that it may be more appropriate for the proposed intervenors to participate in this litigation as amici, and would readily consent to any motion for them to act in that capacity.

Federal Rule of Civil Procedure 24(a) allows for intervention as of right where a potential intervenor submits a timely motion and, among other things, has an interest in the matter which may be impaired by its resolution, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Sixth Circuit requires an intervenor to demonstrate four factors in order to intervene pursuant to Rule 24(a): "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "The proposed intervenor

must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Here, ESP and the putative class, as defined in the motion, appear to lack the requisite substantial legal interest and, in any event, have not shown the government fails to adequately represent their interests.

Although the Sixth Circuit has generally "opted for a rather expansive notion of the [legal] interest sufficient to invoke intervention of right," *Miller*, 103 F.3d at 1245, "this does not mean that any articulated interest will do," *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007). Instead, where an organization has "only a general ideological interest in the lawsuit" and the suit "does not involve the regulation of the organization's conduct," that "organization's interest in the lawsuit cannot be deemed substantial." *Id.* at 782; *see also Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 345–46 (6th Cir. 2007) (recognizing that "the enforceability of [a] statute in general" is not "cognizable as a substantial legal interest sufficient to require intervention as of right"). In contrast, "public interest groups who are regulated" or "whose members are affected" by a challenged law may have a substantial legal interest in a case. *Northland*, 487 F.3d at 345–46; *see also Miller*, 103 F.3d at 1245–47 (finding that chamber of commerce had a substantial legal interest where plaintiff challenged a law it had advocated for *and* which affected it as an entity). And although "[a] definite property interest is more than this Circuit requires under the substantial interest prong," *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014), it is the proposed intervenor's burden to demonstrate that the requisite interest exists, *see, e.g.*, *Grubbs*, 870 F.2d at 345.

Here, neither ESP nor the putative class appear to have shown the substantial legal interest required to intervene. The CDC Order does not regulate ESP, and the group does not claim otherwise; rather, it seems to have only a "general ideological" interest in the suit, which would not permit it to intervene as of right. *Coal. to Defend*, 501 F.3d at 782. To be sure, ESP asserts that it "serve[s] and support[s] hundreds of low-income tenants living in Memphis, Tennessee . . . at risk of

5

eviction in the event that Plaintiffs prevail," Mot. 1, but it nowhere claims that these tenants are *members* of its organization, or that the organization would otherwise be directly affected by invalidation of the Order. Indeed, its only assertion as to why it has a substantial legal interest in the case is that it "represents low-income tenants who are at risk of losing their housing if the Plaintiffs prevail." *Id.* at 5. The absence of a direct effect upon ESI as an entity, or any members, appears to preclude its intervention as of right under Sixth Circuit precedent. *See Coal. to Defend*, 501 F.3d at 782.

The putative class appears to have separate deficiencies. At the threshold, ESP does not explain how it could validly seek to represent a class when it does not have claims typical of the class. *See* Fed. R. Civ. P. 23(a) (providing that "[o]ne or more members of a class" may act as "representative parties on behalf of all members" only if certain requirements are met). The motion describes the putative class as "individual tenants who are at risk of eviction," Mot. 1, but no individual member at risk of eviction seeks to participate in this suit. *Cf. Jansen v. City of Cincinnati*, 904 F.2d 336, 341–44 (6th Cir. 1990) (holding that individuals purporting to represent a class of Black firefighters could intervene as of right in a suit by White firefighters seeking to invalidate city's affirmative action initiative). Nor does ESP claim to have membership consisting of individuals at risk of eviction. Because ESP itself is not at risk of eviction, whatever claims it has (if any) are not typical of the class it claims to represent. *But see* Fed. R. Civ. P. 23(a)(3) (requiring that class representative have claims or defenses typical of the class).[3]

In addition, the class appears to be too broadly defined to demonstrate a substantial legal

---

[3] The Sixth Circuit has expressed skepticism about an organization's failure to present evidence that it represented a group it claimed to represent in an attempt to intervene as of right. *See Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315–16 (6th Cir. 2005) (expressing concern as to whether intervenor represented the group it claimed to and explaining that, even if it were otherwise eligible to intervene, "the case would first have to be remanded for further factual findings related to [intervenor's] identity").

interest in this action. Although tenants who rent from the named Plaintiffs and have submitted a declaration invoking protection under the Order—whom Plaintiffs assert they will evict should they prevail—undoubtedly have such an interest, *see* Defs.' Mem. 11–12, the putative class of "individual tenants who are at risk of eviction" appears to be far broader than this specific group of affected individuals, Mot. 1. Proposed intervenors do not even specify that the class would be limited to tenants who are "covered persons" who have invoked the Order's protections. *See id.* And it is difficult to see how other tenants would have a substantial legal interest in the Order being upheld. *See* 85 Fed. Reg. at 55292 (Order applies only to "covered persons"). Moreover, although no relief is appropriate in this matter, any relief granted should be narrowly tailored to redress the injuries of only those Plaintiffs who have standing to sue. Defs.' Mem. 34–35 (citing, *e.g.*, *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) ("injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs")). Accordingly, any relief granted would properly enjoin the Order only as applied to Plaintiffs, and only Plaintiffs' tenants protected under the Order should be affected by an adverse ruling. Thus, even if proposed intervenors could intervene on behalf of a class without participation of at least one class member, a class any broader than tenants who (1) reside in properties owned by Plaintiffs and (2) have submitted a declaration asserting that they are "covered persons" under the Order appears unable to show that it has a substantial legal interest in this litigation.

Finally, proposed intervenors have not shown that Defendants' representation of their interests is inadequate. "This requires 'overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective,'" *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (citation omitted), as the government and proposed intervenors do here. It is true that, to overcome this presumption, it "may be enough to show that the existing party who purports to seek the same outcome will not make all of the

7

prospective intervenor's arguments." *Miller*, 103 F.3d at 1247. Proposed intervenors here, however, do not appear to have fulfilled that burden.[4] *See id.* Defendants are vigorously defending the Order in this and other federal district courts. *See generally* Defs.' Mem.; Defs.' Mem. in Opp. to Pls.' Mot. for Prelim. Injunction, *Brown v. Azar*, No. 20-3702 (Oct. 2, 2020 N.D. Ga.), ECF No. 22; *see also* Order, *KBW Inv. Props. LLC v. Azar*, No. 20-4852 (Sept. 25, 2020 S.D. Ohio), ECF No. 16. And proposed intervenors' proposed opposition to Plaintiffs' preliminary injunction motion does little more than repeat arguments Defendants have made in these matters—often verbatim. *See* Mot. for Leave 3 n.2, 13 n.6. As such, proposed intervenors have not shown that the government's representation of their interests is inadequate. *See United States v. Michigan*, 424 F.3d 438, 444 (6th Cir. 2005) ("The proposed intervenors have not identified any separate arguments unique to them . . . , nor have they shown that the State . . . would fail to present such arguments to the district court."); *accord Bldg. & Const. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (affirming denial of intervention as of right where proposed intervenor "offered no argument not also pressed by" the government). And although Defendants have no cause to question ESP's assertion that it has unique on-the-ground experience regarding the effects of potential eviction on tenants during the pandemic, *see* Mot. 11, Defendants submit that the appropriate method of providing the Court with this type of information is an amicus brief. *See United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) ("Historically, 'amicus curiae' was defined as one who interposes in a judicial proceeding to assist the court by giving information . . . especially in matters of public interest." (cleaned up)); *see also Harris v. Pernsley*, 820 F.2d 592, 603 (3rd Cir. 1987) (denying intervention as

---

[4] ESP's assertion in the purported "supplement" to its motion that CDC's FAQs, *see* Ex. A to Defs.' Mem., ECF No. 29-1, are "at odds with the best interest of the Class" does not alter this conclusion, *see* Supp. 13. The government and proposed intervenors still seek the same outcome in this litigation—for the Order to be upheld—and proposed intervenors continue to present no new argument they would offer in support of that outcome.

of right but permitting appearance as "friends of the court" for the purpose of "contribut[ing] to the court's understanding" of factual issues).

## II. Permissive Intervention

Proposed intervenors alternatively seek permissive intervention under Rule 24(b). That rule provides that, upon timely motion, the Court "may" permit intervention by movants who have a "claim or defense" that shares a "common question of law or fact" with the main action. Fed. R. Civ. P. 24(b)(1). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445. As part of this balancing test, a court may consider whether permitting intervention will result in "duplication of the efforts of the existing Defendants." *Blount-Hill v. Bd. of Educ. of Ohio*, 195 F. App'x 482, 487 (6th Cir. 2006).

Defendants take no position on the request for permissive intervention, and leave to the Court's considered discretion whether the proposed intervenors would duplicate the efforts of the existing Defendants. Defendants respectfully request that the Court consider, however, whether participation as amici may be the more appropriate manner for proposed intervenors to contribute to this litigation for the reasons explained above.

## CONCLUSION

For the foregoing reasons, Defendants take no position on the motion to intervene, but would readily consent to the proposed intervenors' participation as amici.

Dated: October 20, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Steven A. Myers
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

D. MICHAEL DUNAVANT
United States Attorney

By: *s/ Audrey M. Calkins*
Stuart J. Canale (TN BPR # 12590)
stuart.canale@usdoj.gov
Audrey M. Calkins (TN BPR # 30093)
audrey.calkins@usdoj.gov
Assistant United States Attorneys
167 N. Main St. Suite 800
Memphis, Tennessee 38103
Phone: 901-544-4231
Fax: 901-544-4230

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: October 20, 2020

*/s/ Audrey M. Calkins*
Assistant United States Attorney