IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TIGER LILY LLC;
HUNTER OAKS APARTMENTS UTAH, LLC;
NORTH 22ND FLAT, LLC;
CHERRY HILL GARDENS LLC;
CHURCHILL TOWNHOMES LLC;
BRITTANY RAILEY; and
APPLEWOOD PROPERTY MANAGEMENT, LLC,

    Plaintiffs,

v.                                                          No: 2:20-cv-2692-MSN-atc

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
and BENJAMIN S. CARSON, M.D. in his official capacity as United States Secretary of Housing and Urban Development;
UNITED STATES DEPARTMENT OF JUSTICE
and WILLIAM P. BARR, in his official capacity as United States Attorney General;
UNITED STATES CENTER FOR DISEASE CONTROL AND PREVENTION
and NINA B. WITKOVSKY, in her official capacity as Acting Chief of Staff of the Center for Disease Control and Prevention;
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES
and ALEX AZAR, in his official capacity as United States Secretary of Health and Human Services;
VICE ADMIRAL JEROME M. ADAMS, M.D., in his official capacity as United States Surgeon General; and
D. MICHAEL DUNAVANT, in his official capacity as United States Attorney General for the Western District of Tennessee,

    Defendants.

**ORDER DENYING NEIGHBORHOOD PRESERVATION INC.'S MOTION TO INTERVENE**

Before the Court is Neighborhood Preservation Inc.'s Motion to Intervene ("Motion") (ECF No. 25) filed October 13, 2020.[1] Neighborhood Preservation Inc. ("NPI") seeks to intervene as a defendant in this matter. Defendants filed a response on October 20, 2020 indicating they take no position on NPI's Motion. (ECF No. 32.) Plaintiffs oppose NPI's Motion and filed a response on October 20, 2020. (ECF No. 34.)

## I. BACKGROUND

This litigation concerns the "Temporary Halt in Residential Evictions to Prevent the Further Spread of Covid 19" ("Halt Order") issued on September 4, 2020 by the United States Center for Disease Control and Prevention ("CDC") in coordination with the concurrence of the United States Department of Housing and Urban Development ("HUD") and the United States Department of Health and Human Services ("HHS"). Generally, the Halt Order imposes a mortarium on residential evictions of "covered persons" through December 31, 2020. To qualify for protection under the Halt Order as "covered persons," tenants must submit a declaration to their landlord under penalty of perjury affirming that they meet seven criteria, including that they are unable to pay full rent due to loss of income or extraordinary medical expenses, are using best efforts to make partial payments, and would experience homelessness or need to move into a shared residence if evicted. 85 Fed. Reg. at 55297.

---

[1] Neighborhood Preservation Inc. filed a supplement to its Motion ("Supplemental Motion") on October 19, 2020—the day before the Court's deadline for Plaintiffs and Defendants to respond to the Motion. (ECF No. 31.) This filing occurred without the Court's permission and such a filing was not contemplated in the briefing schedule set forth by the Court. Moreover, the Supplemental Motion purports to address the impact of the CDC's FAQs, which were issued on October 9, 2020, i.e., before NPI's original Motion was filed, and therefore NPI could have addressed the issue in its original Motion. For the foregoing reasons, this Court will not consider the Supplemental Motion.

Plaintiffs in this matter are a group of business organizations and individuals that own and/or manage residential real property in the form of multi-family apartment complexes, duplexes, townhomes, and single-family residences located within the Western District of Tennessee. On September 16, 2020, Plaintiffs filed their Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1) seeking a declaratory judgment that the Halt Order violates the Constitution and for injunctive relief to prevent Defendants from enforcing the Halt Order. On September 27, 2020, Plaintiffs filed a Motion and Application for Emergency Hearing and Preliminary Injunction (ECF No. 12). On October 8, 2020, Plaintiffs filed an Amended Complaint, which presents additional claims but seeks the same relief set forth in their original Complaint. (*See* ECF No. 21.)

NPI is a tax-exempt organization "whose mission is to promote policies and programs that resolve systemic causes of blighted properties in Memphis and Shelby County, Tennessee by reducing the number of blighted properties, improving the health of economically distressed neighborhoods and revitalizing or repurposing targeted properties." (ECF No. 25 at PageID 326.) NPI frames its participation in this litigation through its Eviction Settlement Program ("ESP"), which is a subgrantee of the City of Memphis, in partnership with Shelby County, The Cecil C. Humphreys School of Law, and Memphis Area Legal Services and assists tenants faced with eviction for non-payment of rent. ESP has volunteer attorneys who work with landlords to negotiate direct payment to the landlords to settle tenants' arrearages in rent. The agreed payments are funded by CARES Act funds received by Memphis and Shelby County. Through ESP, NPI purports to represent itself and a putative class of individual tenants who are at risk of eviction (the "Class"). (*Id.* at PageID 324.)

## II.     INTERVENTION AS OF RIGHT

Federal Rule of Civil Procedure 24(a) entitles certain parties to intervene in a lawsuit as of right. A proposed intervenor must establish four elements to be entitled to intervene under Rule 24(a): (1) that the motion to intervene was timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that the intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent the intervenor's interest. *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007).

Rule 24 is broadly construed in favor of potential intervenors. *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). "But this does not mean that Rule 24 poses no barrier to intervention at all." *Stupak–Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). If a potential intervenor fails to satisfy any one of the four Rule 24(a) elements, the Court must deny the motion to intervene. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Here, there is no need to address the first three elements because NPI has failed to satisfy the fourth element—that the current Defendants will not adequately represent and protect its interest in this case.

"[P]roposed intervenors bear the burden of demonstrating inadequate representation." *Purnell*, 925 F.2d at 949. In determining whether representation is adequate, the Sixth Circuit looks to several factors: (1) whether there is collusion between the representative and an opposing party; (2) whether the representative fails in the fulfillment of its duty; and (3) whether the representative has an interest adverse to the proposed intervenor. *Id.* at 949–50 (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227–28 (6th Cir. 1984)). When a proposed intervenor and an existing party to the suit share the same ultimate objective in the litigation, courts presume that the existing party adequately represents the intervenor's interests. *Bradley v. Milliken*, 828 F.2d 1186, 1192

(6th Cir. 1987); *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Ford Dev. Corp.*, No. 2:10–cv–140, 2010 WL 3365927, at *3 (S.D. Ohio Aug. 20, 2010). A proposed intervenor can overcome this presumption of adequacy by showing "that there is substantial doubt about whether [the intervenor's] interests are being adequately represented by an existing party." *Ford Dev. Corp.*, 2010 WL 3365927, at *4 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)); *see also Jansen v. City of Cincinnati*, 904 F.2d 336, 343 (6th Cir. 1990) ("[T]hat there is a slight difference in interests between the [proposed intervenors] and the supposed representative does not necessarily show inadequacy, if they both seek the same outcome . . . . However, interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate." (quoting *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967))) (alterations in original). "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). A disagreement over litigation strategy, however, does not establish inadequate representation. *Bradley*, 828 F.2d at 1192.

NPI argues that Defendants in this matter cannot adequately represent the interests of ESP and the Class "because the Governmental agencies are not, themselves, at risk of eviction." (ECF No. 25 at PageID 334.) NPI further argues that ESP and the Class are "living the issues and, therefore, offer a unique perspective." (*Id.* at PageID 334.)

However, NPI does not allege collusion between Plaintiffs and Defendants. Nor does NPI allege that Defendants have failed in in fulfilling their duties as representatives in this matter. In fact, NPI's proposed memorandum of law in opposition to the motion for preliminary injunction largely repeats arguments Defendants have made in this and other similar matters. (*See* ECF No.

26 at PageID 362–63 n. 2 in which NPI states that it relies "heavily on and incorporate[s] substantially herein the points and arguments made by the United States in *Brown v. Azar*," a case in the Northern District of Georgia that also challenges the Halt Order.) NPI also argues earlier in its brief that its "answers, objections, and defenses to the Plaintiffs' attack on the Halt Order are similar to those asserted by the United States," and they would not raise "largely new or distinct issues." (ECF No. 25 at PageID 331.) And finally, NPI has failed to establish that Defendants hold interests adverse to NPI.

In sum, the minor difference in perspective between NPI and Defendants is not a difference in interests capable of casting substantial doubt on the adequacy of Defendants' representation. Accordingly, because Defendants adequately represent NPI's interest in this case, NPI is not entitled to intervene as of right under Rule 24(a).

### III.  PERMISSIVE INTERVENTION

Under Federal Rule 24(b), the Court may permit anyone to intervene who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).[2] "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

NPI argues that it also meets the standard for permissive intervention because "ESP's clients and nationally, all at-risk, economically insecure, often low-income rental population with

---

[2] In its memorandum, NPI cites to Rule 24(b)(2) as the basis for its claim of permissive intervention. (*See* ECF No. 25 at PageID 334.) Rule 24(b)(2) contemplates permissive intervention by a Government Officer or Agency. NPI is neither a Government Officer nor Agency. The Court therefore construes NPI's argument pursuant to Rule 24(b)(1).

an interest in maintaining the status quo, have claims and defenses presenting questions of law or fact in common with the main action and with the claims and defenses of the United States." (ECF No. 25 at PageID 335.)

Nevertheless, the Court finds that permissive intervention is not appropriate here. As described earlier, NPI is already adequately represented in this case. And although NPI argues that it offers a unique perspective in this litigation since ESP and its clients would be the ones actually faced with eviction, it has not identified a single new or unique argument that it would advance. Given that NPI shares nearly identical interests and arguments with Defendants in this matter, permitting NPI to intervene would potentially cause delay and unnecessarily complicate an already complex matter.

However, in denying the Motion, the Court does not completely bar NPI from participating in this case. The Court invites NPI to submit, and will consider, an amicus brief. Allowing NPI to participate as amicus curiae in this matter offers NPI an opportunity to present its claimed unique perspective to the Court without the complications associated with adding additional parties to this litigation. *Cf. Stupak–Thrall*, 226 F.3d at 475 ("We have held . . . that the concerns of an entity seeking intervention can be presented with complete sufficiency through [amicus] participation."); *Bradley*, 828 F.2d at 1194 (affirming the denial of motions to intervene permissively and as of right in part because "the district court has already taken steps to protect the proposed intervenors' interests by inviting [their counsel] to appear as amicus curiae in the case"); *Penick v. Columbus Educ. Ass'n*, 574 F.2d 889, 890–91 (6th Cir. 1978) (affirming the district court's denial of a motion to intervene permissively or as of right but allowing the proposed intervenor to participate as amicus curiae); *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975) (affirming the district court's denial of a motion for permissive intervention, noting that if the proposed

7

intervenor "accepts the District Court's invitation to participate in the litigation as an amicus curiae," it would afford the organization "ample opportunity to give the court the benefit of its expertise"); *Thornton v. E. Tex. Motor Freight, Inc.*, 454 F.2d 197, 198 (6th Cir. 1972) (affirming the district court's denial of a motion to intervene permissively or as or right but allowing the proposed intervenor to participate as amicus curiae).

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Neighborhood Preservation Inc.'s Motion to Intervene is **DENIED**. However, the Court invites NPI to participate in this matter as amicus curiae, and NPI may file a brief as amicus curiae **on or before Tuesday, October 27, 2020**.

**IT IS SO ORDERED**, this 21st day of October 2020.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE