# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIGER LILY LLC, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>  Defendants. | Case No. 2:20-cv-2692-MSN-atc |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SUPPLEMENT, OR IN THE ALTERNATIVE, TO FILE A RESPONSE AND CONTINUE HEARING DATE

On October 16, 2020, Plaintiffs filed what purports to be a supplemental memorandum in support of their pending motion for a preliminary injunction. Pls.' Supp., ECF No. 30. Rather than respond to Defendants' opposition to the preliminary injunction motion, however, the supplement addresses only a new count asserted for the first time in Plaintiffs' amended complaint—which Plaintiffs filed after their preliminary injunction motion, and which the preliminary injunction motion does not address. *See id.*; *see also* Am. Compl., ECF No. 21; Pls.' Mot., ECF No. 12.

Plaintiffs filed this purported supplement without seeking the Court's leave to belatedly raise a new claim and without any notice to opposing counsel that they intended to do so. The filing also came (1) after a scheduling conference with the Court during which this issue was not raised; (2) after Defendants filed their opposition to the motion for preliminary injunction; and (3) less than two weeks before the preliminary injunction hearing, scheduled for October 30, 2020 (at Plaintiffs' request). *See* Minute Order, ECF No. 28. Defendants would therefore be severely prejudiced were the Court to consider the new arguments in Plaintiffs' supplemental filing in resolving the outstanding preliminary injunction motion. Accordingly, Defendants respectfully request that the Court strike the supplement

from the record and decline to consider those new arguments. In the alternative, Defendants respectfully ask for a meaningful opportunity to respond to Plaintiffs' new arguments in support of the preliminary injunction motion within seven days of any order denying the motion to strike. Moreover, the preliminary injunction hearing currently scheduled for October 30, 2020, should be continued until a date no earlier than three days after the filing of Defendants' response, or any later date that is convenient for the Court.

**RELEVANT BACKGROUND**

On September 4, 2020, the Centers for Disease Control and Prevention (CDC) issued an Order imposing a moratorium on residential evictions of "covered persons" through the end of 2020 to prevent the further spread of the respiratory disease COVID-19. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292, 55292 (Sept. 4, 2020).

On September 16, 2020, Plaintiffs filed a complaint challenging the Order. Compl., ECF No. 1. Plaintiffs filed their preliminary injunction motion and an accompanying 40-page memorandum of law on September 27, 2020. *See generally* Pls.' Mot.; Pls.' Mem., ECF No. 12-1. On October 8, 2020, Plaintiffs filed an amended complaint adding, as relevant here, a claim under the Administrative Procedure Act (APA). *See* Am. Compl. ¶¶ 100–35. This new claim alleges that the Order is both procedurally and substantively infirm on a variety of theories. *See id.* The preliminary injunction motion does not address this new claim. *See generally* Pls.' Mot. Following the filing of the amended complaint, Plaintiffs sought neither to amend nor to withdraw and refile their preliminary injunction motion to raise these APA arguments.

On October 13, 2020, Defendants timely filed an opposition to the motion for preliminary injunction,[1] *See generally* Defs.' Mem. in Opp. to Pls.' Mot. for Prelim. Inj., ECF No. 29 (Defs.' Mem.).

---

[1] Defendants initially filed the opposition along with a consent motion for page-length extension. *See* ECF Nos. 24, 24-1. The Court granted the motion for page-length extension, after which Defendants

As Defendants noted, their opposition did not address the APA claim raised for the first time in the amended complaint because Plaintiffs had not pressed that claim in the preliminary injunction motion.² *Id.* at 9 n.4; *see also id.* at 16 n.6.

On October 14, the Court held a scheduling conference. During that conference, the Court explained that it had planned to schedule a hearing on Plaintiffs' preliminary injunction motion on November 6, 2020, and to provide Plaintiffs "until November 3, 2020 to reply" to Defendants' opposition to the preliminary injunction motion. Conf. Tr. 7:7–14, ECF No. 38. Counsel for Plaintiffs requested that the hearing be held earlier and stated that Plaintiffs could "get [their] reply . . . back in short order." *Id.* at 8:11–15. Accordingly, the Court set a hearing for October 30, 2020 and granted Plaintiffs leave to file a brief responding to the arguments set forth in Defendants' opposition on or before October 27, 2020. *See* Minute Order, ECF No. 28. At no point during the conference did Plaintiffs indicate that they intended to assert a new merits theory—despite the fact that the amended complaint had already been filed, and that Defendants' opposition made clear that it responded to only those claims addressed in the preliminary injunction motion.

Nevertheless, on October 16, 2020, Plaintiffs filed what purports to be a supplement in support of the pending preliminary injunction motion. The brief makes clear, however, that it addresses only the new APA claim, acknowledging that this claim was not pressed in the preliminary injunction motion. *See* Pls.' Supp. 2 ("Plaintiffs file this short Supplement to specifically request relief

---

refiled the opposition as a separate docket entry. *See* ECF Nos. 28, 29.

² Defendants' opposition does address the argument in Plaintiffs' motion that the Order is "ultra vires," which Defendants noted that they construed as arising under the private right of action the APA provides for allegedly aggrieved persons to challenge agency action. *See* Defs.' Mem. 16 n.6; *see also* 5 U.S.C. § 702. As Defendants explained, such construction was necessary because the type of "[n]onstatutory review" Plaintiffs appeared to be seeking "is available only in the absence of a specific statute authorizing review in a particular court," and thus would not be available where the APA specifically authorizes judicial review of challenges to agency action. Defs.' Mem. 16 n.6 (quoting *Honicker v. Hendrie*, 465 F. Supp. 414, 418 (M.D. Tenn. 1979)).

3

from this Honorable Court under 5 U.S.C. § 706(2) for Defendants' [alleged] violations of the APA."). The supplement raises two APA claims that appear nowhere in the preliminary injunction motion: (1) that the Order is a rule impermissibly issued without notice and comment, *id.* at 3, 6–7, and 92) that the Order is arbitrary and capricious, *id.* at 6. It also raises new statutory construction arguments in support of a claim that the Order violated the substantive requirements of the APA. *Id.* at 4–6. The supplement does not purport to respond to any of the arguments set forth in Defendants' opposition.

**DISCUSSION**

I. **The Court Should Strike Plaintiffs' Supplement Because It Improperly Raises New Arguments in Reply.**

Although Plaintiffs had leave to reply to Defendants' opposition to the preliminary injunction motion, the supplement they filed does nothing but raise an entirely new claim that was absent from their preliminary injunction motion. Because these arguments were raised for the first time in reply, they are waived. Further, the supplement was filed after Defendants' opposition, meaning Defendants have had no opportunity to respond to Plaintiffs' new assertions, and would be prejudiced were the Court to consider them in deciding the preliminary injunction motion. Accordingly, the Court should decline to consider the supplement, and it should strike the supplement from the record.

"The law in the Sixth Circuit is well-established that a reply brief is not the proper forum for raising new arguments." *Leisure v. Whispering Pines Owners Ass'n, Inc.*, No. 15-69, 2016 WL 4176867, at *4 (M.D. Tenn. Aug. 8, 2016) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)); *see also, e.g.*, *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held . . . that arguments made to us for the first time in a reply brief are waived."); *Teamsters Local 243 v. DHT Transp.*, No. 05-71700, 2007 WL 3026096, at *2 (E.D. Mich. Oct. 12, 2007) ("it [is] not proper for [a] [p]laintiff to invoke relief pursuant to a . . . different legal theory in its reply brief"). This is because "reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Scottsdale*, 513 F.3d

4

at 553 (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)) (emphasis added). In addition, "the non-moving party ordinarily has no right to respond to the reply brief." *Id.* Accordingly, "[a]s a matter of litigation fairness and procedure," courts "treat such issues as waived." *Id.* (cleaned up). And as the Sixth Circuit has specifically stated, where "plaintiffs included an APA claim in their complaint," but "that claim was not raised in the motion for a preliminary injunction," a "district court correctly treated the claim as waived for purposes of the preliminary injunction." *Mich. Catholic Conf. v. Burwell*, 755 F.3d 372, 396 n.14 (6th Cir. 2014), *cert. granted and vacated and remanded on other grounds*, 575 U.S. 981 (2015).

Based on these precepts, district courts within this Circuit have granted motions to strike arguments that a moving party raised for the first time in a reply brief. *See, e.g.*, *Butler v. Rue 21, Inc.*, No. 11-9, 2011 WL 882782, at *1 (E.D. Tenn. Mar. 11, 2011) (granting motion to strike reply brief that "contain[ed] new evidence and arguments, which should have been raised in the initial motion"); *Keith v. Aerus, LLC*, No. 09-297, 2010 WL 3883434, at *3 (E.D. Tenn. Sept. 29, 2010) (granting motion to strike arguments in reply not raised in movant's original motion); *see also, e.g.*, *Johnson v. Baptist Mem'l Health Care Corp.*, No. 18-2509, 2019 WL 5847850, at *4 (W.D. Tenn. Nov. 7, 2019) (striking unauthorized surreply); *Bey v. Terminix Int'l, L.P.*, No. 17-2597, 2018 WL 3552348, at *4 (W.D. Tenn. July 24, 2018), report and recommendation adopted, 2018 WL 4407254 (W.D. Tenn. Sept. 17, 2018) (same); *Price v. ReconTrust Co.*, No. 12-2170, 2013 WL 12284475, at *1 n.5 (W.D. Tenn. Feb. 19, 2013) (same). Similarly, district courts within this Circuit routinely refuse to consider arguments raised for the first time in reply briefs. *See, e.g.*, *Torres v. Precision Indus., Inc.*, No. 16-1319, 2017 WL 2271492, at *3 (W.D. Tenn. May 23, 2017) (declining to consider new arguments raised for the first time in reply brief); *Wright v. Memphis Police Ass'n, Inc.*, No. 14-2913, 2015 WL 3407358, at *7 (W.D. Tenn. May 26, 2015) (same); *Abraitis v. United States*, No. 11-2077, 2012 WL 2885586, at *2 (N.D. Ohio July 13, 2012) (same); *Int'l-Matex Tank Terminals-Illinois v. Chem. Bank*, No. 08-1200, 2009 WL 2423756, at *8 (W.D.

5

Mich. Aug. 4, 2009) (same); *see also Cooper v. Shelby Cty., Tenn.*, No. 07-2283, 2010 WL 3211677, at *3 n.14 (W.D. Tenn. Aug. 10, 2010) (observing that "many district courts in the Sixth Circuit do not consider arguments raised for the first time in reply briefs" and collecting cases).

Here, Plaintiffs unabashedly state that raising new arguments is the sole purpose of their supplement to the preliminary injunction. The brief acknowledges that Plaintiffs added a claim under the APA in the amended complaint and explains that the supplement is intended "to specifically request relief from this Honorable Court under 5 U.S.C. § 706(2) for Defendants' [alleged] violations of the APA." Pls.' Supp. 2. It raises two entirely new APA claims that appear nowhere in Plaintiffs' preliminary injunction motion: that the Order is a rule impermissibly issued without notice-and-comment rulemaking, *id.* at 3, 6–7, and that the Order is arbitrary and capricious, *id.* at 6. It also raises new statutory construction arguments to support a claim that the Order violates the APA's substantive requirements. *Id.* at 4–6. And the supplement does not reference, cite, or otherwise refer to any of the arguments in Defendants' opposition. *See generally id.* As such, the entire filing constitutes an attempt to improperly raise new arguments in a reply brief.

Defendants would be severely prejudiced were the Court to consider these new claims not raised in the preliminary injunction motion. Defendants' opposition correctly responded to only those claims and arguments pressed in Plaintiffs' motion. *See* Defs.' Mem. 9 n.4. Plaintiffs have the burden of demonstrating they are entitled to the "extraordinary" remedy of preliminary injunctive relief. *See, e.g., Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 344 (6th Cir. 2012). As the Sixth Circuit has recognized, it is proper to consider any claim not raised in a preliminary injunction motion as waived for the purpose of that motion. *See Mich. Catholic Conf.*, 755 F.3d at 396 n.14; *see also Teal v. Coffee Cty. Bank*, No. 13-19, 2013 WL 12043473, at *4 & n.3 (E.D. Tenn. Oct. 3, 2013) (finding that allegations in plaintiffs' complaint were no substitute for failure to brief an issue in a motion for preliminary injunction). Accordingly, Defendants did not—and were under no obligation to—anticipatorily

6

address in the opposition new claims raised in Plaintiffs' amended complaint where Plaintiffs did not seek to refile the preliminary injunction motion. The fact that Defendants were aware of the amended complaint does not alter this conclusion.[3]

Further, Plaintiffs have not attempted to explain why they neither raised their APA claims in the first instance—which they certainly could have—nor sought leave to amend and refile their preliminary injunction motion in order to raise these new arguments after amending the complaint. Indeed, elsewhere in this action, this Court properly declined to consider a supplement filed by proposed intervenors in further support of a motion to intervene where "the filing occurred without the Court's permission," "such a filing was not contemplated in the briefing schedule set forth by the Court," and proposed intervenors "could have addressed the issue in [the] original Motion." Order 2 n.1, ECF No. 36. This situation is comparable. Thus, in accordance with well-established Circuit precedent and this Court's own prior rulings, Defendants respectfully request that the Court strike the supplement from the docket and refuse to consider it in deciding the preliminary injunction motion.

## II. In the Alternative, Defendants Should Be Afforded a Meaningful Opportunity to Respond to Plaintiffs' Supplement.

Alternatively, should the Court consider Plaintiffs' new arguments, both controlling precedent and basic fairness require that Defendants be provided the opportunity to file a response. *See, e.g.*, *Memphis Pub. Co. v. Newspaper Guild of Memphis, Local 33091*, No. 04-2620, 2005 WL 3263878, at *2 (W.D. Tenn. Nov. 30, 2005), as amended, 2005 WL 3448043 (W.D. Tenn. Dec. 14, 2005) ("Where new evidence is presented in . . . a party's reply brief . . . the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion or else strike that new

---

[3] Nor does the fact that Defendants construed Plaintiffs' "ultra vires" argument as being brought pursuant to the *cause of action* provided by the APA indicate that Defendants' opposition somehow addressed the new APA claim raised in the amended complaint. *See* Defs.' Mem. 16 n.6; *id.* at 15–22 (addressing Plaintiffs' "ultra vires" argument). To the contrary, the opposition expressly states that it "addresses only the claims pressed in the preliminary injunction motion." *Id.* at 9 n.4.

7

evidence." (citation omitted)). Indeed, the Sixth Circuit has held on multiple occasions that a district court abused its discretion by failing to allow a non-moving party to file a response where a movant raised new arguments or evidence in a reply brief. *See Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003) (holding that district court abused its discretion in denying motion to strike and entering summary judgment without permitting non-movant to respond to new evidence presented in reply); *see also Eng'g & Mfg. Svcs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010) (similar).

Based on this case law, if the Court considers Plaintiffs' new preliminary injunction arguments, Defendants should be provided with a meaningful opportunity to respond—and would be severely prejudiced if not given leave to file such a response. Accordingly, to allow Defendants to properly address Plaintiffs' new arguments, Defendants should be permitted to file a response due no earlier than seven days after any denial of the motion to strike. Moreover, to allow the Court adequate time to consider Defendants' response prior to a hearing on Plaintiffs' motion for preliminary injunction, Defendants respectfully submit that the hearing should be continued until at least three days after Defendants' response is due, or until a later date convenient for the Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike from the docket and decline to consider Plaintiffs' supplement. In the alternative, Defendants ask that the Court provide Defendants at least seven days after the entry of an order denying the motion to strike to file a response to the supplement, and continue the preliminary injunction hearing currently set for October 30, 2020, until a minimum of three days after Defendants' response is due, or any later date that is convenient for the Court.

Dated: October 23, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Steven A. Myers
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

D. MICHAEL DUNAVANT
United States Attorney

By: *s/ Audrey M. Calkins*
Stuart J. Canale (TN BPR # 12590)
stuart.canale@usdoj.gov
Audrey M. Calkins (TN BPR # 30093)
audrey.calkins@usdoj.gov
Assistant United States Attorneys
167 N. Main St. Suite 800
Memphis, Tennessee 38103
Phone: 901-544-4231
Fax: 901-544-4230

*Counsel for Defendants*

## CERTIFICATE OF CONSULTATION

I hereby certify that, pursuant to Local Rule 7.2(a)(2), counsel for Defendants conferred with counsel for Plaintiffs regarding this motion, and Plaintiffs intend to oppose it.

Dated: October 23, 2020

*/s/ Leslie Cooper Vigen*
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify I served this motion today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: October 23, 2020

*/s/ Audrey M. Calkins*
Assistant United States Attorney