IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TIGER LILY LLC;
HUNTER OAKS APARTMENTS UTAH, LLC;
NORTH 22ND FLAT, LLC;
CHERRY HILL GARDENS LLC;
CHURCHILL TOWNHOMES LLC;
BRITTANY RAILEY; and
APPLEWOOD PROPERTY MANAGEMENT, LLC,

    Plaintiffs,

v.                                              No: 2:20-cv-2692-MSN-atc

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
and BENJAMIN S. CARSON, M.D. in his official capacity as United States Secretary of
Housing and Urban Development;
UNITED STATES DEPARTMENT OF JUSTICE
and WILLIAM P. BARR, in his official capacity as United States Attorney General;
UNITED STATES CENTER FOR DISEASE CONTROL AND PREVENTION
and NINA B. WITKOVSKY, in her official capacity as Acting Chief of Staff of the Center for
Disease Control and Prevention;
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES
and ALEX AZAR, in his official capacity as United States Secretary of Health and Human
Services;
VICE ADMIRAL JEROME M. ADAMS, M.D., in his official capacity as United States Surgeon
General; and
D. MICHAEL DUNAVANT, in his official capacity as United States Attorney General for the
Western District of Tennessee,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
SUPPLEMENT**

Before the Court is Defendants' Motion to Strike Plaintiffs' Supplement ("Motion") (ECF No. 42) filed October 23, 2020. Plaintiffs filed a response in opposition on October 25, 2020 (ECF No. 43). For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This litigation concerns the "Temporary Halt in Residential Evictions to Prevent the Further Spread of Covid 19" ("Halt Order") issued on September 4, 2020 by the United States Centers for Disease Control and Prevention ("CDC") in coordination with the concurrence of the United States Department of Housing and Urban Development ("HUD") and the United States Department of Health and Human Services ("HHS"). Generally, the Halt Order imposes a mortarium on residential evictions of "covered persons" through December 31, 2020. To qualify for protection under the Halt Order as "covered persons," tenants must submit a declaration to their landlord under penalty of perjury affirming that they meet seven criteria, including that they are unable to pay full rent due to loss of income or extraordinary medical expenses, are using best efforts to make partial payments, and would experience homelessness or need to move into a shared residence if evicted. 85 Fed. Reg. at 55,297.

On September 16, 2020, Plaintiffs filed their Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1) seeking a declaratory judgment that the Halt Order violates the Constitution and for injunctive relief to prevent Defendants from enforcing the Halt Order. On September 27, 2020, Plaintiffs filed a Motion and Application for Emergency Hearing and Preliminary Injunction ("Preliminary Injunction Motion") (ECF No. 12). On October 8, 2020, Plaintiffs filed an Amended Complaint, which presents additional claims but seeks the same relief set forth in their original Complaint. (*See* ECF No. 21.) Relevant to Defendants' Motion, one of the new claims set forth in the Amended Complaint was a claim under the Administrative Procedures Act ("APA"). (*See* ECF No. 21 at PageID 215–18.) Despite adding a new claim in their Amended Complaint, Plaintiffs did not move to amend or otherwise withdraw and refile their Preliminary Injunction Motion.

On October 13, 2020, Defendants filed a Consent Motion for Leave to File Excess Pages seeking additional pages to respond to Plaintiffs' Preliminary Injunction Motion (ECF No. 24). Attached to Defendants' motion was their proposed response to the Preliminary Injunction Motion.[1] (*See* ECF No. 24-1.) Defendants' response noted that Defendants were not responding to claims raised for the first time in the Amended Complaint, specifically referencing Plaintiffs' new claims under the APA. (ECF No. 24-1 at PageID 268 n. 4.)

On October 14, 2020, this Court held a scheduling conference to discuss a briefing schedule and hearing date for the Preliminary Injunction Motion. Although the Court had initially contemplated a hearing date of November 6, 2020, because Defendants had filed their proposed response the day prior to the scheduling conference, the Court was willing to consider an earlier date for a hearing on the Preliminary Injunction Motion. When the Court asked for Plaintiffs' counsel's input on the potential briefing scheduling and hearing date, Mr. Kahane responded that Plaintiffs could file their reply to Defendants' response within 48 to 72 hours. Mr. Kahane noted that both parties had "fully briefed the matter," and asked the Court to set a hearing date as soon as possible. After some discussion, the Court set a hearing on Plaintiffs' Preliminary Injunction Motion for October 30, 2020. The Court also set a deadline of October 27, 2020 for Plaintiffs to file their reply in support of the Preliminary Injunction Motion.

Despite counsel's representation at the scheduling conference that the parties had "fully briefed the matter," on October 16, 2020, Plaintiffs filed what they styled as a "supplement" to their Preliminary Injunction Motion ("Supplemental Brief"). (*See* ECF No. 30.) The Supplemental Brief states that it was filed specifically to address arguments related to the new

---

[1] The Court orally granted Defendants' motion at the scheduling conference on October 14, 2020 and directed Defendants to file their response on the docket as a separate entry. (*See* ECF Nos. 28 & 34.)

APA claims contained in the Amended Complaint. (*See* ECF No. 30 at PageID 454.) Defendants' Motion seeks to strike the Supplemental Brief on the basis that it impermissibly raises new arguments that were not included in Plaintiffs' Preliminary Injunction Motion. (*See* ECF No. 42 at PageID 632–35.) In the alternative, Defendants seek an opportunity to respond to the Supplemental Brief along with a continuance of the hearing on the Preliminary Injunction Motion.

## **DISCUSSION**

Granting or denying a motion to strike is within the sound discretion of the trial court. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003). The Federal Rules of Civil Procedure do not contemplate motions to strike documents other than pleadings. *Fox v. Mich. State Police Dep't,* 173 F. App'x 372, 375 (6th Cir. 2006); *cf.* Fed. R. Civ. P. 12(f) (providing that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). "[T]rial courts make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents [other than pleadings]." *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing *Anthony v. BTR Auto Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003)).

"District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349–50 (6th Cir. 2015) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)). "The district court does not have to accept every filing submitted by a party." *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC*, 463 F.3d 478, 488 (6th Cir. 2006). A court acts within its discretion when it strikes a filing for, *inter alia*, untimeliness or a failure to comply with the local rules. *See Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 870–72 (6th Cir. 2017) (affirming trial court's striking of

response brief because of failure to comply with local rules); *Ross*, 463 F.3d at 488–89 (affirming trial court's striking of reply brief because party failed to request the necessary leave to file); *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 598–99 (6th Cir. 2003) (affirming trial court's striking of untimely memoranda of law).

Defendants argue this Court should strike Plaintiffs' Supplemental Brief because it impermissibly raises new arguments in reply. The Sixth Circuit has consistently condemned arguments raised for the first time in reply briefs. *See Seay*, 339 F.3d at 481 (6th Cir. 2003) (new arguments in a reply brief vitiate a nonmovant's ability to respond); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("We generally will not hear issues raised for the first time in a reply brief."); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ("Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived."); *Cooper v. Shelby Cnty.*, No. 07–2283–STA–cgc, 2010 WL 3211677, at *3 n. 14 (W.D. Tenn. Aug. 10, 2010) (collecting Sixth Circuit and district court cases discussing this principle); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (noting that a party waives an issue raised for the first time in a reply brief or motion for reconsideration).

Plaintiffs respond by arguing that Defendants' contention regarding arguments made in a reply is inapplicable because Plaintiffs' filing herein was not a reply but a "supplement." Plaintiffs argument misses the point. No matter the title used for the Supplemental Brief, Plaintiffs' filing was made after Defendants' response in opposition to the Preliminary Injunction Motion was filed, which effectively deprives Defendants of an opportunity to respond to Plaintiffs' "supplemental" arguments.

Moreover, and more importantly, this Court views Plaintiffs' Supplemental Brief as a thinly veiled attempt to skirt the page limitations imposed on Plaintiffs for their Preliminary Injunction Motion. This Court generously granted Plaintiffs leave to exceed the page limitation for their Preliminary Injunction Motion by twice the limit set forth in this District's Local Rules. Yet Plaintiffs press the Court to consider further arguments contained in the Supplemental Brief. This the Court will not abide. If Plaintiffs believed filing the Supplemental Brief was an absolute necessity, they could have—and should have—sought this Court's leave to file the Supplemental Brief. Instead, they bombarded this Court with an unauthorized filing, forcing the Court to unnecessarily expend already extremely limited judicial resources.

Accordingly, Defendants' Motion is **GRANTED**. To be clear, to the extent Plaintiffs have set forth an argument in their Preliminary Injunction Motion, this Court will consider it. Or to the extent it is necessary to construe an argument under the APA, as Defendants did in their response, this Court will consider such construction. However, this Court will not consider Plaintiffs' Supplemental Brief, and it is hereby **STRICKEN** from the record. The hearing on Plaintiffs' Preliminary Injunction Motion remains set for Friday, October 30, 2020 at 10:00 a.m.

**IT IS SO ORDERED**, this 26th day of October 2020.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE