IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TIGER LILY LLC;**
**HUNTER OAKS APARTMENTS UTAH, LLC;**
**NORTH 22ND FLAT, LLC;**
**CHERRY HILL GARDENS LLC;**
**CHURCHILL TOWNHOMES LLC; and**
**BRITTANY RAILEY**
**APPLEWOOD PROPERTY MANAGMENT, LLC**

    **Plaintiffs,**

vs.  No. 2:20-CV-2692

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** and **BENJAMIN S. CARSON, M.D**. in his official capacity as United States Secretary of Housing and Urban Development;
**UNITED STATES DEPARTMENT OF JUSTICE** and **WILLIAM P. BARR**, in his official capacity as United States Attorney General;
**UNITED STATES CENTER FOR DISEASE CONTROL AND PREVENTION** and **NINA B. WITOVSKY,** in her official capacity as Acting Chief of Staff of the Center for Disease Control and Prevention;
**UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES** and **ALEX AZAR,** in his official capacity as United States Secretary of Health and Human Services;
**VICE ADMIRAL JEROME M. ADAMS, M.D.,** in his official capacity as United States Surgeon General; and
**D.MICHAEL DUNAVANT,** in his official capacity as United States Attorney General for the Western District of Tennessee

    **Defendants.**

**AMICUS NPI'S MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT ON PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF COMBINED WITH MEMORANDUM IN SUPPORT**

Now comes Neighborhood Preservation Inc. d/b/a the Eviction Settlement Program ("ESP") by and through their attorneys, and, pursuant to Rule 29(g) of the Federal Rules of Appellate Procedure, respectfully move that this Court allow them to participate in the Oral Argument scheduled for October 30, 2020 at which the Court will take up Plaintiff's Emergency Motion for a Preliminary Injunction [DKT. No. 12].

**NPI OFFERS A UNIQUE PERSPECTIVE FROM WHICH THE COURT WOULD BENEFIT THROUGH NPI'S ACTIVE PARTICIPATION AS AMICUS**

This Court has already recognized the possibility that NPI through its Eviction Settlement Program has a perspective on aspects of this case that is different from the Government's litigation posture. Order at PageID 592 [DKT. No. 36]. In relying on *Stupak-Thrall* 226 F.3d 467 (6th Cir. 2000) and *Brewer v. Republic Steel Corp*. 513 F.2d 1222 (6th Cir. 1975), the Court has also recognized that the Court may give an Amicus a large non-party role, including the opportunity to present evidence. As the Court said in *Brewer* in reviewing the District Court's decision to deny intervention:

> We believe that many of these problems [that the Commission has gathered substantial amounts of information about Republic Steel and that it has general expertise in the area of employment practices] can be avoided if the Commission accepts the District Court's invitation to participate in the litigation as an amicus curiae. Surely this role will afford the Commission ample opportunity to give the court the benefit of its expertise. Moreover, the District Court apparently will receive and consider any admissible evidence that the Commission chooses to offer.

*Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975)

In relying on *Brewer*, the 6th Circuit similarly observed in *Stupak-Thrall* that, "the district court <u>did consider all of the arguments and evidence</u> that appellants believed was critical, by virtue of appellants' having received the district court's permission to submit a brief as amici curiae." 226 F.3d @ 475 (emphasis supplied).

If allowed to participate in the hearing on Plaintiffs' Emergency Motion, NPI would focus its comments and offer evidence to support the following issues in ways that the Government cannot:

1. That, based on a diligent search of the public records, only three (3) of the named Plaintiffs seem to own rental units in Shelby County, amounting to a mere 200 units; these Plaintiffs are Tiger Lily, LLC; Hunter Oaks Apartments, Utah, LLC, and Churchill Townhomes LLC. [1] Plaintiffs who do not own property in the district have not suffered injury. [See Brief of Amicus NPI ("NPI Brief" at 13]

2. That the remainder of the Plaintiffs may serve as management companies (including Applewood Property Management that is specifically identified as such) or have some other undisclosed interest in real estate in Shelby County, Tennessee. Plaintiffs do not elaborate on who they are or what interests they have in the units they claim they "own" in the pleadings and the corporate disclosures. But the distinction between ownership and management, or some other interest, is crucial to the analysis of injury because even if we assume, *arguendo*, that an owner might have suffered some economic harm a management company suffers no such injury, nor does a party who has no discernible ownership interest in real estate in the District. [NPI Brief at 13 – 14]

3. That ESP utilizes a cadre of local attorneys and law students who, on a purely pro-bono basis, assist tenants who have fallen in arrears because of COVID-19. ESP's volunteer attorneys work with landlords, such as the Plaintiffs in this case and/or their attorneys to negotiate a direct payment to the landlord to settle the tenant's arrearage.

---

[1] NPI recognizes the possibility that some of the Plaintiffs might own units in the other counties in the Western District, whose records are difficult to search. At the "eleventh hour," Plaintiffs filed a series of repetitive declarations in which each Plaintiff claimed to own property in Shelby County while also operating under multiple business names. Rather than clarify the ownership issue, these Declarations served to further confuse the situation.

The agreed payments are funded by CARES Act funds received by Memphis and Shelby County, Tennessee and serve to benefit both the landlords and the tenant.  <u>So, if Plaintiffs simply participate with ESP, they will be compensated for the loss of rental income whether or not the tenant qualifies for the protection of the Halt Order.</u>  Accordingly, even if the Plaintiffs who are owners have sufficiently alleged facts demonstrating standing, they cannot demonstrate injury because money is available to them notwithstanding the existence of the Halt Order. [NPI Brief at 2 - & 11-12]

4. That as a result of their continued use of the FED process, Counsel for the Plaintiffs is poised to obtain Writs of Eviction immediately if the Court enjoined the use of the Halt Order. [NPI Brief at 12

5. That the actual, irreversible harm that tenants would suffer in the event of their forcible removal from their homes by Counsel for the Plaintiffs if the Halt Order is stayed far outweighs any theoretical harm to those Plaintiffs who are owners.  [NPI Brief at pp. 5 – 10]

**WHEREFORE**, ESP respectfully requests that this Court allow it to participate fully in the hearing on Plaintiffs' Emergency Motion for a Preliminary Injunction, including the introduction of limited evidence and in oral argument.

Respectfully Submitted

/s/ Earle J. Schwarz

Earle J. Schwarz (007192)
2157 Madison Ave, Suite 201
Memphis TN 38104
901.272.0607
eschwarz@earle-schwarz.com

Webb A. Brewer (9030)
The Law Offices of Webb A. Brewer
1755 Kirby Parkway, Suite 110
Memphis, TN 38120
Tele: (901) 757-3358
webbbrewer@comcast.net

Counsel for

Dated: October October 27, 2020

OF COUNSEL

Daniel M. Schaffzin (028601)
Associate Professor of Law
Co-Director, Neighborhood Preservation Clinic
Cecil C. Humphreys School of Law
1 N. Front Street, Suite 101
Memphis, TN 38103-2189
(O) 901.678.5056 | (C) 215.380.0969

Kathryn Ramsey
Assistant Professor of Law & Director, Medical-Legal Partnership Clinic
University of Memphis Cecil C. Humphreys School of Law
1 North Front Street
Memphis, TN 38103
Office: (901) 678-4589
Kramsey1@memphis.edu

## CERTIFICATE OF CONSULTATON

On October 27, 2020 I engaged in a Meet and Confer via an email exchange with Mr. Kahane who stated that he could not agree to the relief that NPI is requesting in this Motions

/s/ Earle J. Schwarz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of notice of the foregoing has been served upon all counsel of record by electronic means via the Court's ECF system this October 27, 2020

/s/ Earle J. Schwarz