# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**TIGER LILY LLC;**
**HUNTER OAKS APARTMENTS UTAH, LLC;**
**NORTH 22ND FLAT, LLC;**
**CHERRY HILL GARDENS LLC;**
**CHURCHILL TOWNHOMES LLC;**
**BRITTANY RAILEY; and**
**APPLEWOOD PROPERTY MANAGEMENT, LLC,**

    Plaintiffs

**vs.**　　　　　　　　　　　　　　　　　　　　　　No: 2:20-cv-02692-MSN-atc

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
and **BENJAMIN S. CARSON, M.D.** in his official capacity as United States Secretary of Housing and Urban Development;
**UNITED STATES DEPARTMENT OF JUSTICE**
and **WILLIAM P. BARR**, in his official capacity as United States Attorney General;
**UNITED STATES CENTER FOR DISEASE CONTROL AND PREVENTION**
and **NINA B. WITKOVSKY,** in her official capacity as Acting Chief of Staff of the Center for Disease Control and Prevention;
**UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES**
and **ALEX AZAR,** in his official capacity as United States Secretary of Health and Human Services;
**VICE ADMIRAL JEROME M. ADAMS, M.D.**, in his official capacity as United States Surgeon General; and
**D. MICHAEL DUNAVANT,** in his official capacity as United States Attorney General for the Western District of Tennessee,

    Defendants.

# PLAINTIFFS' MOTION TO MODIFY THE BRIEFING SCHEDULE

Plaintiffs hereby respectfully move this Honorable Court to modify the briefing schedule established by the December 2, 2020 Scheduling Order.[1]

The Scheduling Order sets forth a December 18, 2020 deadline for the filing of the final Motions in this cause. While not explicitly setting a deadline for mandatory responses in opposition to those Motions, the Scheduling Order incorporates by reference Local Rule 7.2, which sets the deadline for filing an opposition response, in standard cases, to 28-days after the filing of the relevant motion. Here, assuming the Motions are filed on December 18, 2020, responses are due by January 15, 2020. Plaintiffs request that this Honorable Court modify the Scheduling Order to either: (1) remove the requirement for filing opposition responses and replies to the respective final Motions such that all papers are filed in this cause by December 18, 2020, or (2) shorten the time for opposition responses from 28 days to 10 days such that all papers are filed in this cause by December 28, 2020.

For more than 90-days[2], real property owners including these Plaintiffs, have been laboring under the effects of targeted and deliberate unlawful Government action in the form of the Halt Order. The impact of the Halt Order has undermined these Plaintiffs' rights, compromising their livelihood, and exposing them to the continued threat of extreme civil penalties and criminal imprisonment. Potentially even more dangerous, the Government's promulgation of the Halt Order was an unlawful exercise of executive power, undertaken without authority, and in deliberate violation of both the substantive and procedural requirements of the A.P.A. and the fundamental constitutional rights and liberties of these individuals.

---

[1] (D.E. 76).

[2] For some of these Plaintiffs, the Halt Order came on the heels of the previous six months of lost rental income resulting from the eviction moratorium contained in the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") issued in March 2020.

The Halt Order, on its face, is set to expire at 11:59 PM on December 31, 2020.[3] Recognizing what has been a flurry of challenges to the unlawful action, the Defendants here hope that this Honorable Court allows the Halt Order to expire without adjudication so that the Government can claim mootness, escape review from this Honorable Court, and simply reinstate another national eviction moratorium through another unauthorized agency under another unlawful action. In fact, what has become clear, is that in issuing the Halt Order, the Government banked on the fact that the relative short duration of the Halt Order's initial iteration would pose an insurmountable review obstacle for those seeking justice from the judiciary, shielding the Government from vacatur.

Plaintiffs timely challenged the Government action on September 16, 2020, yet the Government's strategic efforts at delay combined with this Honorable Court's application of Local Rule 7.2, will afford the Government a free pass from this Honorable Court's meaningful and necessary review for which these Plaintiffs are constitutionally guaranteed. This would be a grave miscarriage of justice.

The timing of meaningful judicial intervention therefore is critical. This Honorable Court should render its merit-based adjudication during the effective term of the Halt Order – before 11:59 PM on December 31, 2020 - both to ensure that the ruling finds relevance and binding effect, and equally as important, to negate what has already become the Government's newest defense to their unlawful action - mootness. While Plaintiffs wholly dispute that this challenge would become moot[4] after December 31, 2020, if the Government were somehow successful in arguing to another

---

[3] Although the Government has reserved the right to extend the Halt Order longer.

[4] The Supreme Court has generally declined to deem cases moot that present issues or disputes that are capable of repetition, yet evading review. This exception to the mootness doctrine applies in situations in which (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

Court that any post-December 31, 2020 ruling of this Honorable Court was moot, such would negate any merit-based adjudication of unlawful Government action, eliminating the requisite accountability to which the Government must be held. This would send a message to the Government that it is free to violate the law and citizens' rights, so long as it does so in short durations; green lighting similar unlawful courses of conduct in the future. And since such a mootness challenge would occur after December 31, 2020, this Honorable Court would be left with no means by which to exercise its authority. All of this can be avoided by this Honorable Court simply issuing its meaningful ruling before 11:59 PM on December 31, 2020.

In embracing the modifications to the Scheduling Order respectfully suggested by Plaintiffs before the expiration of the Halt Order at 11:59 PM on December 31, 2020, this Honorable Court is in a tremendously unique position; perhaps a position in which it will not ever again find itself.

A vacatur of the Halt Order after December 18, 2020, but before 11:59 PM on December 31, 2020 will allow this Honorable Court to speak authoritatively on an issue of great national import, during the pendency of the unlawful Government action, avoiding any lost opportunity because of some later claim of timeliness, informing the Government of its non-compliant unlawful action as a means of ensuring future compliant lawful action, granting vindication to those citizens whose rights were trampled, all without adversely impacting a single tenant who has sought shelter under the Halt Order.

Alternatively, to allow the Defendants to run out the clock, subjects any post-December 31, 2020 ruling by this Honorable Court to possible reversal on the grounds of mootness, robbing this Honorable Court of a rare and precious opportunity to fulfill its constitutional mandate to review past government action and guide future government action, and denying these Plaintiffs their protected right to their day in court.

Plaintiffs' Motion seeks only to place this case in a posture for this Honorable Court to render a decision – if so inclined - prior to the Halt Order's expiration at 11:59 PM on December 31, 2020.  For this to occur, however, this Honorable Court must have before it the relevant briefing.  Unlike standard cases for which the Local Rules have been designed, in administrative challenges such as this one, no facts are in dispute; an administrative record exists; the parties have previously fully briefed the issues before this Honorable Court in advance of the Injunction Hearing – with a Motion and Memorandum, detailed Response, and Reply; an oral argument has taken place; and the Parties are now submitting additional lengthy and detailed supplemental briefs in the form of final Motions in order to outline any additional issues for this Honorable Court's consideration.  There is no need in these types of administrative challenge cases for the filing of responses in opposition.  The responses will, inevitably, simply be the repetition of the very same arguments already made by each Party at least three times previously.   Plaintiffs would therefore have no objection to this Honorable Court's decision not to entertain responsive pleadings and, instead, to simply rule on the final Motions, in conjunction with the record, after December 18, 2020.  However, should this Honorable Court believe that responses in opposition are necessary and appropriate, or should the Defendants insist on filing a response in opposition, Plaintiffs would most respectfully urge this Honorable Court to reconsider application of Local Rule 7.2 and instead set a final submission deadline for any pleadings in this cause of December 28, 2020.

Under any normal circumstance, Plaintiffs would not consider making such a request of this Honorable Court; however, with COVID-19 executive and administrative orders being unlawfully issued by government actors across the country, so many Courts at almost every level— including the United States Supreme Court itself— have sought to expedite adjudication of these challenges so that rulings are rendered within a time frame that is most meaningful and impactful,

5

to avoid claims of mootness, to ensure that the rights of citizens are vindicated and preserved, the role of the judiciary is reinforced, and the likelihood of repeat bad-action by the Government is diminished.

Plaintiffs humbly request the same from this Honorable Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that this Honorable Court grant their Motion and amend the December 2, 2020 Scheduling Order to either forgo the necessity of responses to the final Motions due on or before December 18, 2020, or to set a deadline of December 28, 2020, for filing of all pleadings in this cause.

Dated:  December 8, 2020

                      Respectfully Submitted,

                      /s/ S. Joshua Kahane
                         S. Joshua Kahane (TN# 23726)
                         jkahane@glankler.com

                         Aubrey B. Greer (TN# 35613)
                         agreer@glankler.com

                      **GLANKLER BROWN, PLLC**
                      6000 Poplar Ave., Suite 400
                      Memphis, Tennessee 38119
                      Telephone: (901) 525-1322
                      Facsimile:  (901) 525-2389

## **CERTIFICATE OF CONSULTATION UNDER RULE 7.2 (a)(1)(b)**

On December 8, 2020, Counsel for the Plaintiffs, S. Joshua Kahane, and Counsel for the Defendants, Leslie Vigen, consulted by email regarding this Motion.  Counsel for the Defendants is not agreeable to the relief sought.

                                        /s/ S. Joshua Kahane

## CERTIFICATE OF SERVICE

   I hereby certify that on December 8, 2020, a copy of the foregoing Motion was served on the parties listed below via the Court's ECF System and Federal Express pre-paid:

United States Secretary of Housing and Urban Development
c/o Associate General Counsel for Litigation - Room 10258
451 Seventh Street, S.W.
Washington D.C. 20410

Honorable Benjamin S. Carson, M.D.
United States Secretary of Housing and Urban Development
c/o Associate General Counsel for Litigation - Room 10258
451 Seventh Street, S.W.
Washington D.C. 20410

U.S. Department of Justice
950 Pennsylvania Avenue, NW, Room 1111
Washington, D.C. 20530

Honorable United States Attorney General William P. Barr,
U.S. Department of Justice
950 Pennsylvania Avenue, NW, Room 1111
Washington, D.C. 20530

United States Center for Disease Control and Prevention
1600 Clifton Road
Atlanta, Georgia 30333

Honorable Nina B. Witkovski, Acting Chief of Staff
United States Center for Disease Control and Prevention
1600 Clifton Road
Atlanta, Georgia 30333


United States Department of Health & Human Services
200 Independence Avenue, S.W., Room 713-F
Washington, D.C. 20201
Honorable Secretary Alex Azar
United States Department of Health & Human Services
200 Independence Avenue, S.W., Room 713-F
Washington, D.C. 20201

Honorable Vice Admiral Jerome M. Adams, M.D., Surgeon General
United States Department of Health & Human Services
200 Independence Avenue, S.W., Room 713-F
Washington, D.C. 20201

7

Honorable D. Michael Dunavant,
United States Attorney General for the Western District of Tennessee
U.S. Attorney's Office
167 North Main Street, Suite 800
Memphis, Tennessee 38103

                                                   /s/ S. Joshua Kahane
                                                   S. Joshua Kahane