**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |
|---|---|
| TIGER LILY LLC, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-2692-MSN-atc |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants United States Department of Housing and Urban Development; Benjamin Carson, in his official capacity as United States Secretary of Housing and Urban Development; United States Department of Justice; William P. Barr, in his official capacity as United States Attorney General; Centers for Disease Control and Prevention; Nina Witkofsky, in her official capacity as Acting Chief of Staff of the Centers for Disease Control and Prevention; United States Department of Health and Human Services; Alex Azar, in his official capacity as United States Secretary of Health and Human Services; Vice Admiral Jerome M. Adams, M.D., in his official capacity as United States Surgeon General; and D. Michael Dunavant, in his official capacity as United States Attorney for the Western District of Tennessee, hereby answer Plaintiffs' first amended complaint as follows.

## PRELIMINARY STATEMENT

The entirety of this section of the Complaint consists of characterizations of this lawsuit, legal argument, and conclusions of law. It contains no allegations of fact to which a response is required.

## INTRODUCTION

Defendants lack sufficient knowledge or information to form a belief about the truth of the

allegations in the first unnumbered paragraph.

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second unnumbered paragraph.

With respect to the third unnumbered paragraph, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first, second, and third sentences. The fourth sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.  The fifth sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the laws of the fifty states and the District of Columbia, which speak for themselves, and respectfully refer the Court to the laws of the fifty states and the District of Columbia for a full and accurate statement of their contents.

The first, second, and third sentences of the fourth unnumbered paragraph consist of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence of the fourth unnumbered paragraph.

The fifth unnumbered paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

With respect to the sixth unnumbered paragraph, the second sentence is denied.  The

remainder of the paragraph consists of Plaintiffs' characterization of the CDC Order; Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

The seventh unnumbered paragraph consists of conclusions of law and a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The eighth unnumbered paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny. Defendants further aver that following the promulgation of the CDC Order, CDC, along with the Department of Justice, the Department of Housing and Urban Development, and the Department of Health and Human Services, released guidance stating that the CDC Order "does not preclude a landlord from challenging the truthfulness of a tenant's declaration in any state or municipal court." HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, at 6, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf.

The ninth unnumbered paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The tenth unnumbered paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The eleventh unnumbered paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The twelfth unnumbered paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## RESPONSES TO NUMBERED PARAGRAPHS

1.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

2.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

3.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

4.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

5.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

6.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

7.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

8.      As to the first sentence, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first clause; the second clause consists of conclusions of law, not allegations of fact to which a response is required, but to the extent a response is deemed required, deny.  The second sentence does not contain allegations of fact to which a response is required.

9.      Admit the first sentence.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required.

10.     Admit the first sentence.  The second sentence consists of Plaintiffs' characterization of the action and of conclusions of law, not allegations of fact to which a response is required.  The

third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that Plaintiffs completed service upon the United States under Rule 4.

11.     Admit the first sentence.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required.

12.     Admit the first sentence.  The second sentence consists of Plaintiffs' characterization of the action and conclusions of law, not allegations of fact to which a response is required.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that Plaintiffs completed service upon the United States under Rule 4.

13.     Admit the first sentence, on the understanding that Plaintiffs mean to refer to the Centers for Disease Control and Prevention.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required.

14.     Admit the first sentence.  The second sentence consists of Plaintiffs' characterization of the action and conclusions of law, not allegations of fact to which a response is required.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that Plaintiffs completed service upon the United States under Rule 4.

15.     As to the first sentence, admit that the Department of Health and Human Services is a cabinet-level department with the Executive Branch; that in 1939, the Federal Security Agency was created; that in 1953, the Cabinet-level Department of Health, Education, and Welfare was created; that in 1979, the Department of Education Organization Act was signed into law, providing for a separate Department of Education; and that in 1980, the Department of Health, Education, and Welfare became the Department of Health and Human Services.  The second sentence consists of

conclusions of law, not allegations of fact to which a response is required.

16.     Admit the first sentence.  The second sentence consists of Plaintiffs' characterization of the action and conclusions of law, not allegations of fact to which a response is required.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that Plaintiffs completed service upon the United States under Rule 4.

17.     Admit the first sentence.  The second sentence consists of Plaintiffs' characterization of the action and conclusions of law, not allegations of fact to which a response is required.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that Plaintiffs completed service upon the United States under Rule 4.

18.     Admit the first sentence.  The second sentence consists of Plaintiffs' characterization of the action and conclusions of law, not allegations of fact to which a response is required.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that Plaintiffs completed service upon the United States under Rule 4.

19.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit.  The second sentence consists of Plaintiffs' characterization of the action, not allegations of fact to which a response is required.

20.     The first, second, and third sentences consist of Plaintiffs' characterization of the action, not allegations of fact to which a response is required.  The fourth, fifth, and sixth sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

21.     This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny that jurisdiction is proper and further aver that Plaintiffs lack Article III standing.

22.     This paragraph consists of Plaintiffs' characterization of the action and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that jurisdiction is proper and further aver that Plaintiffs lack Article III standing.

23.     This paragraph consists of Plaintiffs' characterization of the action and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that jurisdiction is proper and further aver that Plaintiffs lack Article III standing.

24.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of the first sentence.  As to the second sentence, the term "at risk of criminal prosecution" is undefined and vague; Defendants admit only that violations of the CDC Order are potentially subject to criminal prosecution, and otherwise deny.  Admit the third sentence.

25.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that venue is proper.

26.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of Rule 65, which speaks for itself, and respectfully refer the Court to Rule 65 for a full and accurate statement of its contents.

27.     The allegation that Plaintiffs are suffering significant financial loss and damages as a direct and proximate result of an unconstitutional CDC Order is a legal conclusion, not an allegation of fact to which a response is required; to the extent a response is deemed required, deny.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth

of the allegations in this paragraph.

29.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

30.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

31.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of URLTA and general Tennessee contract law, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

32.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

33.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of URLTA and general Tennessee contract law, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

34.     Insofar as this paragraph characterizes URLTA and general Tennessee contract law, it consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of URLTA and general Tennessee contract law, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.  Insofar as this paragraph describes how frequently landlords and property managers in fact recover unpaid rent through state court litigation, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

35.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

36. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

37. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that the Court may take judicial notice of certain facts concerning the COVID-19 pandemic.

38. Admit that COVID-19 spreads between people who are in close contact with one another, including through respiratory droplets produced when an infected person coughs, sneezes or talks; further aver that COVID-19 spreads in other ways, including but not limited to when people sing and breathe, and that there is evidence that under certain conditions, people with COVID-19 seem to have infected others who were more than 6 feet away, and that the virus may be able to infect people who are further than 6 feet away from the person who is infected or after that person has left the space. *See* Centers for Disease Control and Prevention, How COVID-19 Spreads, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html.

39. Admit that many people who contract the virus that causes COVID-19 never display physical symptoms or experience only mild symptoms and recover without requiring any medical intervention; admit that in other cases, including but not limited to elderly patients, or those with certain underlying medical conditions such as cancer, an immunocompromised state, obesity, serious heart conditions, and diabetes, the risk for severe illness (requiring hospitalization, admission to the ICU, intubation or mechanical ventilation, or death) is increased. *See* Centers for Disease Control and Prevention, Certain Medical Conditions and Risk for Severe COVID-19 Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The term "overwhelming majority" is undefined and vague, however, and so Defendants are unable to admit or deny that allegation. Defendants further aver that scientific knowledge about the virus is still developing.

40.     Admit that the rate of spread of COVID-19 varies among parts of the United States, but further aver that the disease is now spreading rapidly and sustainably throughout the country.  *See* Centers   for   Disease   Control   and   Prevention,   CDC   COVID   Data   Tracker, https://covid.cdc.gov/covid-data-tracker.

41.     Admit that the statistics included in this paragraph were accurate or substantially accurate as of September 14, 2020.

42.     The term "severity of the public health crisis" is undefined and vague.  Defendants admit that the cumulative number of deaths attributed to COVID-19 in New York was greater than the number of total deaths attributed to COVID-19 in Tennessee in September 2020, but further aver that the appropriate comparison measure for the risk of death from the pandemic is the mortality rate, which is a measure of deaths on a per-capita basis over a set period of time (e.g., one day).  The mortality rate from COVID-19 in Tennessee has been higher than that of New York State, inclusive of New York City, since the end of June 2020.  *See* Centers for Disease Control and Prevention, CDC COVID   Data   Tracker,   https://covid.cdc.gov/covid-data-tracker/#compare-trends_newdeathsper100k.

43.     Admit that in the beginning of the pandemic in the United States, large metropolitan areas had the highest incidence of cases and the highest mortality rates; further aver that since August 2020, rural areas have exceeded urban areas in both incidence and mortality, *see* Centers for Disease Control   and   Prevention,   CDC   COVID   Data   Tracker,   https://covid.cdc.gov/covid-data-tracker/#pop-factors_14daynewdeaths.

44.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

45. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

46. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

47. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

48. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in first clause. The second clause consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

49. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

50. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the

CARES Act for a full and accurate statement of its contents.

51.     Admit.

52.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

53.     Admit.

54.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the executive order, which speaks for itself, and respectfully refer the Court to the executive order for a full and accurate statement of its contents.

55.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the executive order, which speaks for itself, and respectfully refer the Court to the executive order for a full and accurate statement of its contents.

56.     Admit that on September 1, 2020, the White House released a Fact Sheet that included the following language, which Plaintiffs appear to reference: "Following an Executive Order by President Trump, the Centers for Disease Control and Prevention (CDC) is using its authority to temporarily halt evictions through the end of 2020 in an effort to slow the spread of COVID-19." The White House, President Donald J. Trump Is Working to Stop Evictions and Protect Americans' Homes During the COVID-19 Pandemic, https://www.whitehouse.gov/briefings-statements/president-donald-j-trump-working-stop-evictions-protect-americans-homes-covid-19-pandemic.  Defendants deny any characterization of that Fact Sheet, which speaks for itself, and respectfully refer the Court to that Fact Sheet for a full and accurate statement of its contents.

57.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any

characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

58.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

59.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

60.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

61.     Admit that 42 U.S.C. § 264(a) contains the quoted text, and otherwise deny any characterization of 42 U.S.C. § 264(a), which speaks for itself, and respectfully refer the Court to that provision for a full and accurate statement of its contents.

62.     Admit that 42 C.F.R. § 70.2 contains the quoted text, and otherwise deny any characterization of 42 C.F.R. § 70.2, which speaks for itself, and respectfully refer the Court to that provision for a full and accurate statement of its contents.

63.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

64.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any

characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

65.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

66.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

67.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authority, which speaks for itself, and respectfully refer the Court to the cited authority for a full and accurate statement of its contents.

68.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants note that the term "concur" is undefined and vague, and further aver that the Order was issued by the Director of CDC exercising his delegated authority.

69.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC Order contains the quoted language, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

70.     This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants admit that the CDC Order contains the quoted language, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

71.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC Order contains a form declaration, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

72.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  Defendants further aver that following the promulgation of the CDC Order, CDC, along with the Department of Justice, the Department of Housing and Urban Development, and the Department of Health and Human Services, released guidance stating that the CDC Order "does not preclude a landlord from challenging the truthfulness of a tenant's declaration in any state or municipal court."  HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, at 6, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf.

73.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  Defendants further aver that following the promulgation of the CDC Order, CDC, along with the Department of Justice, the Department of

Housing and Urban Development, and the Department of Health and Human Services, released guidance stating that the CDC Order "does not preclude a landlord from challenging the truthfulness of a tenant's declaration in any state or municipal court."  HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, at 6, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf.

74.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

75.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

76.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

77.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

78.     Deny.

79.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit only that the U.S.

Attorney for the Western District of Tennessee may bring prosecutions for violations of federal criminal law in the courts of this District, and otherwise deny.

80.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

81.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph concerning Plaintiffs' tenants' past and future payment of rent. The remainder of the paragraph consists of Plaintiffs' characterization of the CDC Order, which speaks for itself; Defendants deny any characterization of the CDC Order and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

82.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence.  The second sentence consists of Plaintiffs' characterization of the CARES Act and the CDC Order, which speak for themselves; Defendants deny any characterization of the CARES Act and the CDC Order and respectfully refer the Court to the CARES Act and the CDC Order for a full and accurate statement of their contents.

83.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

84.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

85.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

86.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

87.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

88.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

89.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

90.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

91.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

92.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

93.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

94.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of 42 U.S.C. § 264(e), which speaks for itself, and respectfully refer the Court to 42 U.S.C. § 264(e) for a full and accurate statement of its contents.  The second sentence consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

95.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

96.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

97.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

98.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

99.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

100.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

101.    This paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

102.    Admit that the CDC Order contains the quoted text.  The remainder of the paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

103.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

104.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

105.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

106.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

107.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

108.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that the CDC Order challenged here is final agency action within the meaning of 5 U.S.C. § 704.

109.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

110.   Defendants admit that 42 U.S.C. § 264 contains the quoted text and respectfully refer the Court to 42 U.S.C. § 264, which speaks for itself, for a full and accurate statement of its contents.

111.   Defendants admit that 42 C.F.R. § 70.2 contains the quoted text and respectfully refer the Court to 42 C.F.R. § 70.2, which speaks for itself, for a full and accurate statement of its contents.

112.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

113.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

114.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

115.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

116.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

117.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

118.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

119.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

120.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

121.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

122.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

123.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

124.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

125.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

126.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

127.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

128.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

129.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

130.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

131.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

132.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

133.    Deny.

134.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

135.    This paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

136.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

137.    Admit that the Fifth Amendment to the U.S. Constitution contains the quoted text.

138.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants deny any characterization of the Fifth Amendment and the Supreme Court's decision in *Eastern Enterprises v. Apfel*, 524 U.S. 498, 522 (1998), which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

139.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that factual inquiry is sometimes relevant to a takings claim, and otherwise deny.

140.    To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph includes factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

141.    To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph includes factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

142.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of URLTA and general Tennessee contract law, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents

143.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

144.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

145.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, URLTA, and general Tennessee contract law, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

146.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

147.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

148.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

149.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

150.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

151.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

152.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that the CDC Order constitutes a taking entitling Plaintiffs to compensation.

153.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the

CDC Order for a full and accurate statement of its contents.

154.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

155.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

156.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

157.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

158.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that the CDC Order constitutes a taking entitling Plaintiffs to compensation.

159.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

160.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

161.     This paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to

the relief requested or any relief whatsoever.

162.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

163.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

164.     Admit that the Fifth Amendment to the U.S. Constitution contains the quoted text.

165.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

166.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

167.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that *United States v. Salerno*, 481 U.S. 739, 746 (1987), contains the quoted text, deny any characterization of that opinion, which speaks for itself, and respectfully refer the Court to that opinion for a full and accurate statement of its contents.

168.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017), which speaks for itself, and respectfully refer the Court to the opinion for a full and accurate statement of its contents.

169.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Sacramento v. Lewis*, 523 U.S. 833, 846 (1998), which speaks for itself, and respectfully refer the Court to the opinion for a full and accurate statement of its contents.

170.     This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants deny any characterization of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to the U.S. Constitution for a full and accurate statement of its contents.

171.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that 42 U.S.C. § 264 contains the quoted text, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order and 42 U.S.C. § 264 for a full and accurate statement of their contents.

172.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that 42 C.F.R. § 70.2 contains the quoted text, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order and 42 C.F.R. § 70.2 for a full and accurate statement of their contents.

173.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

174.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

175.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

176.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the

CDC Order for a full and accurate statement of its contents.

177.    The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

178.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

179.    This paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

180.    This paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

181.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

182.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

183.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

184.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

185.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

186.    This paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

187.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

188.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

189.    Admit that the Fifth Amendment to the U.S. Constitution contains the quoted text.

190.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Sacramento v. Lewis*, 523 U.S. 833, 846 (1998), which speaks for itself, and respectfully refer the Court to the cited opinion for a full and accurate statement of its contents.

191.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  Defendants further aver that following the promulgation of the CDC Order, CDC, along with the Department of Justice, the Department of Housing and Urban Development, and the Department of Health and Human Services, released guidance stating that the CDC Order "does not preclude a landlord from challenging the truthfulness of a tenant's declaration in any state or municipal court."  HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, at 6, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf.

192.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  Defendants further aver that following the promulgation of the CDC Order, CDC, along with the Department of Justice, the Department of Housing and Urban Development, and the Department of Health and Human Services, released guidance stating that the CDC Order "does not preclude a landlord from challenging the truthfulness of a tenant's declaration in any state or municipal court."  HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, at 6, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf.

193.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

194.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

195.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

196.    This paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

197.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

198.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

199.    Admit that the Tenth Amendment to the U.S. Constitution contains the quoted text.

200.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, admit that 42 U.S.C. § 264(a) contains the quoted text, deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a full and accurate statement of its contents.

201.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that 42 C.F.R. § 70.2 contains the quoted text; deny any characterization of the regulation, which speaks for itself, and respectfully refer the Court to the regulation for a full and accurate statement of its contents.

202.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

203.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the referenced statute or regulation, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

204.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC Order and 42 U.S.C. § 264(a) contain the quoted text, and deny any characterization of the CDC Order or the statute, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

205.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that *Hillsborough County, Fla. v. Automated Medical Lab, Inc.*, 471 U.S. 707, 713 (1985), and 42 U.S.C. § 264(e) contain the quoted text, deny any characterization of those authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

206.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

207.    This paragraph consists of conclusions of law and Plaintiffs' characterization of URTLA, general Tennessee contract law, and 42 U.S.C. § 264(a), not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that 42 U.S.C. § 264(a) contains the quoted text, deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

208.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that *Sosna v. Iowa*, 419 U.S. 393, 404 (1975), contains the quoted language, deny any characterization of that opinion, which speaks for itself, and respectfully refer the Court to that opinion for a full and accurate statement of its contents.

209.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

210.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that the CDC Order commandeers State resources in violation of the Constitution.

211.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

212.

    a.    This subparagraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

    b.    This subparagraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that the cited

opinion contains the quoted language, deny any characterization of that opinion, which speaks for itself, and respectfully refer the Court that opinion for a full and accurate statement of its contents.

      c.     This subparagraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

      d.     This subparagraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

213.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

214.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

215.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

216.    Defendants admit that Article VI, Clause 2 of the U.S. Constitution contains the quoted text.

217.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that Article VI, Clause 2 of the U.S. Constitution contains the quoted text, deny any characterization of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to the U.S. Constitution for a full and accurate statement of its contents.

218.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that Article VI, Clause 2 of the U.S. Constitution contains the quoted text, deny any characterization of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to the U.S. Constitution for a

full and accurate statement of its contents.

219.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that *New York v. FERC*, 535 U.S. 1, 18 (2002), contains the quoted text, deny any characterization of that opinion, which speaks for itself, and respectfully refers the Court that opinion for a full and accurate statement of its contents.

220.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1679 (2019), contains the quoted text, deny any characterization of that opinion, which speaks for itself, and respectfully refers the Court that opinion for a full and accurate statement of its contents.

221.     This paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

222.     This paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

223.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

224.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

225.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

226.     This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

227.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

228.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Edgar A. Levy Leasing Co. v. Siegel*, 258 U.S. 242, 247 (1922), which speaks for itself, and respectfully refer the Court to the cited opinion for a full and accurate statement of its contents.

229.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

230.     This paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

231.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

232.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to the U.S. Constitution for a full and accurate statement of its contents.

233.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to

the U.S. Constitution for a full and accurate statement of its contents.

234.    This paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

235.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that 42 U.S.C. § 264(a) contains the quoted text, deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a full and accurate statement of its contents.

236.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

237.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

238.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

239.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

240.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

241.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Christopher v. Harbury*, 536 U.S. 403 (2002), which speaks for itself, and respectfully refer the Court to that opinion for a full and accurate statement of its contents.

242.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that *Christopher v. Harbury*, 536 U.S. 403 (2002), contains the quoted language, deny any characterization of that opinion,

and respectfully refer the Court to that opinion for a full and accurate statement of its contents.

238A.[1] This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

239A. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

240A. To the extent that this paragraph describes Plaintiffs' lease agreements with their tenants, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations. The remaining allegations concerning URLTA and general Tennessee contract law are conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization or URTLA and general contract law, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

241A. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph includes factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

242A. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph includes factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

---

[1] The First Amended Complaint contains duplicative paragraphs 239, 240, 241, and 242 on page 43. For clarity, Defendants refer to these paragraphs as 239A, 240A, 241A, and 242A.

243.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  Defendants further aver that following the promulgation of the CDC Order, CDC, along with the Department of Justice, the Department of Housing and Urban Development, and the Department of Health and Human Services, released guidance stating that the CDC Order is not "intended to prevent landlords from starting eviction proceedings, provided that the actual eviction of a covered person for non-payment of rent does NOT take place during the period of the Order."  HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, at 1, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf.

244.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

245.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

246.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

247.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

248.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

249.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

250.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

251.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that 28 U.S.C. § 2201 contains the quoted text.

252.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny and further aver that Plaintiffs lack Article III standing.

253.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of 28 U.S.C. § 2201, which speaks for itself, and respectfully refer the Court to the statute for a full and accurate statement of its contents.

254.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

255.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

256.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

257.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

258.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

259.     This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

260.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

261.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

262.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

263.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

264.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

265.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

266.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

267.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

268.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

269.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

270.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

271.    This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

272.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

273.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

274.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

275.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

276.    Deny.

277.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

278.    Deny.

279.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

280.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of Federal Rule of Civil Procedure 65, which speaks for itself, and respectfully refer the Court to Rule 65 for a full and accurate statement of its contents.

281.    This paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

The remaining paragraphs of the complaint contain a prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny any allegations contained

in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## DEFENSES

1.　　The Court lacks subject matter jurisdiction.

2.　　Plaintiffs fail to state a claim upon which relief may be granted.

3.　　Defendants' actions did not violate the U.S. Constitution, the Administrative Procedure Act, the Public Health Service Act, or any other statutory or regulatory provision.

## CONCLUSION

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.  Each and every allegation of the First Amended Complaint not heretofore expressly admitted or denied is hereby denied.

Dated:  December 11, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-0727
Fax:  (202) 616-8470
E-mail:  leslie.vigen@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated:  December 11, 2020

*/s/ Leslie Cooper Vigen*

Trial Attorney