IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TIGER LILY LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,[1] <br><br> Defendants. | Case No. 2:20-cv-2692-MSN-atc |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), automatic substitutions are made for the following defendants sued in their official capacities: Matt Ammon, Acting Secretary of U.S. Department of Housing and Urban Development, for Benjamin S. Carson, M.D.; Monty Wilkinson, Acting United States Attorney General, for William P. Barr; Sherri A. Berger, Acting Chief of Staff for Centers for Disease Control and Prevention, for Nina B. Witkovsky; Norris Cochran, Acting Secretary of Health and Human Services, for Alex Azar; and RADM Susan Orsega, Acting Surgeon General, for Vice Admiral Jerome M. Adams, M.D.

## INTRODUCTION

The arguments in Plaintiffs' opposition to Defendants' motion for judgment on the pleadings, *see generally* Pls.' Resp. in Opp. to Defs.' Mot. for J. on the Pleadings (Pls.' Opp.), ECF No. 88, are largely duplicative of those in Plaintiffs' motion for judgment on the administrative record, *see generally* Pls.' Mem. of Law in Supp. of Mot. for J. on the Admin. R. 4–6 (Pls.' MSJ), ECF No. 84-1, which Defendants have previously addressed, *see generally* Defs.' Mem. in Opp. to Pls.' Mot. for J. on the Admin. R. (Defs.' Opp.), ECF No. 87-1. Accordingly, this reply addresses the only two points from Plaintiffs' opposition that are arguably new: the argument that Defendants have "disavowed" deference to the interpretation of the Centers of Disease Control and Prevention (CDC) pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), *see, e.g.*, Pls.' Opp. 2, 7, and Plaintiffs' invocation of the so-called "major questions" doctrine, *id.* at 8. For the reasons explained below, these arguments do not alter the conclusion that Plaintiffs' Administrative Procedure Act (APA) claims must be dismissed, *see* Defs.' Opp. 3–8, and the Court should otherwise grant judgment on the pleadings for Defendants, *see generally* Defs.' Mem. in Supp. of Defs.' Mot. for J. on the Pleadings (Defs.' MJP).

## ARGUMENT

1. Defendants have consistently maintained that the plain language of section 361 of the Public Health Service Act (PHSA), 42 U.S.C. § 264, authorizes CDC to enact the temporary eviction moratorium to prevent the spread of COVID-19 at issue here. *See* Defs.' MJP 12–20; Defs.' Mem. in Opp. to Pls.' Prelim. Inj. Mot. 15–22, ECF No. 29. Section 361 of the PHSA empowers the Secretary "to make and enforce such regulations *as in his judgment are necessary* to prevent the introduction, transmission, or spread of communicable diseases" from abroad or among the states. 42 U.S.C. § 264(a) (emphasis added). The plain text of the statute thus demonstrates a legislative determination to defer to the "judgment" of public health authorities about what measures they deem "necessary"

1

to prevent contagion. *See id.*; *see also City of Arlington v. FCC*, 569 U.S. 290, 296 (2013) ("Congress knows to speak in plain terms when it wishes to circumscribe, and in capacious terms when it wishes to enlarge, agency discretion."). "If [a] statute is unambiguous, then the court applies it as-written: 'that is the end of the matter.'" *Arangure v. Whitaker*, 911 F.3d 333, 337–38 (6th Cir. 2018) (quoting *City of Arlington*, 569 U.S. at 296). In other words, because *Chevron* deference applies only where statutory ambiguity exists, it is unnecessary here because the PHSA unambiguously empowers CDC to issue the Order. *See* Defs.' MJP 12–20.

It is *not* the case, however, that CDC has ever claimed it is not "entitled to" *Chevron* deference. *Contra* Pls.' Opp. 7. Quite the opposite. Defendants have demonstrated that, if the statute were deemed ambiguous, deference to the agency's reasonable interpretation would be warranted. *See* Defs.' MJP at 21–25. Plaintiffs' only responses are that (1) the agency did not issue the Order through notice-and-comment rulemaking; and (2) the Order "implicates the major questions doctrine." Pls.' Opp. 6–9. As to the first point, it is well established that the fact that an agency "reached its interpretation through means less formal than 'notice and comment' rulemaking, . . . does not automatically deprive that interpretation of the judicial deference otherwise its due," Defs.' MJP 22 (quoting *Barnhardt v. Walton*, 535 U.S. 212, 221 (2002)), and indeed, that "[a]ll kinds of administrative documents, ranging from manuals to opinion letters, sometimes receive *Chevron* deference," *id.* (quoting *Carter v. Welles-Bowen Realty, Inc.*, 736 F.3d 722, 732 (6th Cir. 2013) (Sutton, J., concurring)). Defendants have shown that such deference is clearly warranted here because, among other things, the Order carries the force of law, was formally published in the Federal Register, and reflects the agency's considered policy judgment and unquestionable public health expertise. *See id.* (citing *United States v. Mead Corp.*, 533 U.S. 218, 230–31 (2001)). Plaintiffs have offered no rejoinder.

2. Nor are Plaintiffs correct that the "major questions" doctrine applies here. *See* Pls.' Opp. 8. Plaintiffs assert—without elaboration or case law support—that this case "presents an interpretive

question of such significance" that it cannot be assumed "that Congress intended the agency to resolve [any] statutory ambiguity." *Id.* This is incorrect for at least two reasons.

First, Congress has spoken clearly. As explained, the PHSA's broad grant of authority represents an explicit delegation to expert agencies to act to prevent the spread of disease. Were there any doubt, Congress's recent extension of the Order must alleviate it, as Congress has now plainly indicated that the Order is within CDC's authority under section 361 of the PHSA by itself extending it. *See* Defs.' Opp. 6–8 (citing Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, tit. V, § 502, 134 Stat. 1182, 2079 (2020)); *accord Am. Lung Ass'n v. EPA*, --- F.3d ---, No. 19-1140, 2021 WL 162579, at *33 (D.C. Cir. Jan. 19, 2021) ("The major questions doctrine is meant to discern, not override, such statutory judgments."). The theoretical underpinning of the major questions doctrine—that Congress could not have intended the agency's interpretation—therefore cannot apply here.

Second, this situation is distinguishable from the few "extraordinary" cases in which the Supreme Court has declined to apply *Chevron* deference in the absence of a clear statement from Congress. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159–60 (2000), *superseded by statute as recognized in, e.g., Nicopure Labs, LLC v. FDA*, 944 F.3d 267, 272 (2019). In *Brown & Williamson*, for example, the Supreme Court based its determination that Congress did not intend the Food & Drug Administration to regulate tobacco products on the "unique political history" of tobacco regulation, including that "Congress . . . ha[d] created a distinct regulatory scheme for tobacco products, squarely rejected proposals to give the FDA jurisdiction over tobacco, and repeatedly acted to preclude any agency from exercising significant policymaking authority in the area." *See* Defs.' Opp. 14 (quoting *Brown & Williamson*, 529 U.S. at 159–60); *see also Am. Lung Ass'n*, 2021 WL 162579, at *29 (distinguishing *Brown & Williamson*). No such history exists here. And it is not the case that Congress must speak explicitly any time it empowers an agency to take action that may have significant economic

3

or political consequences. *See Verizon v. FCC*, 740 F.3d 623, 638–39 (D.C. Cir. 2014) (distinguishing *Brown & Williamson* and holding that "although [an agency] regulation . . . certainly involve[d] decisions of great 'economic and political significance,'" there was "little reason . . . to think that Congress could not have delegated some of these decisions" (citation omitted)).

Thus, the "major questions" doctrine has no application here, and as Defendants have explained, should the Court deem section 361 of the PHSA ambiguous, CDC's reasoned interpretation of the statute is entitled to *Chevron* deference.

## CONCLUSION

For the foregoing reasons, and as further explained in Defendants' motion for judgment on the pleadings and partial motion to dismiss, the Court should dismiss Count I of the amended complaint, and otherwise grant judgment on the pleadings in favor of Defendants.

Dated: January 29, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

D. MICHAEL DUNAVANT
United States Attorney

Stuart J. Canale (TN BPR # 12590)

stuart.canale@usdoj.gov
Audrey M. Calkins (TN BPR # 30093)
audrey.calkins@usdoj.gov
Assistant United States Attorneys
167 N. Main St. Suite 800
Memphis, Tennessee 38103
Phone: 901-544-4231
Fax: 901-544-4230

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: January 29, 2021

                                                                      */s/ Leslie Cooper Vigen*
                                                                      Trial Attorney